# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES RICHARD MICHAEL ORGERON,

    Plaintiff,

vs.                                                                                                                              No. CIV 99-1257 BB/WWD

UNITED STATES OF AMERICA, et al.;
THE STATE OF LOUISIANA, JEFFERSON PARISH
for MRS. LETHIA PIZANI ORGERON PRICE,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court for consideration of Plaintiff's motion for default judgment (Doc. 25) and motion to compel (Doc. 10), as well as Defendant Jefferson Parish's ("Parish") motions to dismiss (Doc. 17) and for summary judgment (Doc. 25). Plaintiff has also filed a motion to maintain New Mexico federal jurisdiction (Doc. 34), which the Court construes as a response to the motion to dismiss. The Court has considered the submissions of the parties and the applicable law. As discussed below, the Court finds this case must be dismissed with respect to the Parish. In addition, proper service of process has not been made on the other Defendants. Therefore, the Court will deny Plaintiff's request for default judgment, grant the Parish's motion to dismiss, and notify Plaintiff that his complaint will be dismissed as against the United States of America and the State of Louisiana, unless proper service is obtained by April 25, 2000 and proof of that service is filed with this Court by that date. The Parish's motion for summary judgment is rendered moot by this opinion.

**Jefferson Parish:** The Parish has moved to dismiss the complaint for lack of personal jurisdiction and improper service, among other reasons. As the Parish points out, it is not subject to suit in New Mexico, even in federal court, unless it has established sufficient minimum contacts, either general or specific, with this State. *See Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295-97 (10th Cir. 1999). As a political subdivision of the State of Louisiana, the Parish has no general contacts with New Mexico that might support the exercise of jurisdiction. For example, it carries on no business in this State and has no employees here. *See id.* Furthermore, Plaintiff has filed a questionable suit against the Parish as a result of a child-support dispute that was litigated in Louisiana. In connection with that dispute, the Parish had no contacts with New Mexico except for the fact that Plaintiff resides here. That is an insufficient basis to allow this Court to exercise specific jurisdiction over the Parish, despite Plaintiff's arguments to the contrary.[1] The Court therefore holds it has no personal jurisdiction over the Parish, and the complaint will be dismissed as to that Defendant.

**State of Louisiana:** The State of Louisiana ("Louisiana") has not filed any pleadings in this case. To determine whether Plaintiff's request for a default judgment should be granted, this Court must first decide whether jurisdiction has properly been obtained over Louisiana. The first prerequisite of jurisdiction is proper service of process upon a defendant, and Rule 4 of the Federal Rules of Civil Procedure governs matters of service in cases filed in federal Court. According to that Rule, when the defendant is a state, service must be made by delivering a copy of the summons and

---

[1] Plaintiff argues there are no limits on federal jurisdiction, because his child-support debt is an interstate obligation. The fact that the debt is an interstate debt, because Plaintiff lives in New Mexico, does not mean this Court can constitutionally assert authority over the Parish, which has acted only in Louisiana in this matter.

complaint to the state's chief executive officer, or by serving the summons and complaint in the manner prescribed by the law of that state. Rule 4(j), F.R.C.P. According to the documents in the court file, Plaintiff attempted to serve process on Louisiana by sending a copy of the complaint to Louisiana's secretary of state, Fox McKeithen. There are at least three problems with this attempted service. First, the secretary of state is not the chief executive officer of Louisiana. Second, Louisiana law provides that for suits against the state, service must be made upon the attorney general of Louisiana, not the secretary of state. *See* L.R.S. 13:5107(A). Third, Rule 4(j) contains no provision allowing service of process by mail, and instead appears to require personal service where a state is the defendant (this discussion ignores any Eleventh Amendment immunity which may apply to claims against a state). For all these reasons, the Court finds Plaintiff's attempt to serve process on Louisiana was clearly ineffective, and the Court will deny Plaintiff's request for a default judgment against Louisiana.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if proper service has not been made upon a defendant within 120 days after the complaint was filed, the court may dismiss the action without prejudice after notice to the plaintiff. The complaint in this case was filed on November 1, 1999, and it has now been over 120 days since that filing. Therefore, the claims against Louisiana will be dismissed without prejudice unless Plaintiff obtains proper service upon Louisiana, and files proof of same with this Court, by April 25, 2000.

**United States of America:** According to the documents in the court file, Plaintiff attempted to serve process on the United States by mailing a copy of the complaint to the Secretary of State, Madeleine Albright. This method of service is not authorized by Rule 4(i), which governs service of process upon the United States. Instead, service must be effected by delivering a copy of the

2

summons and complaint to the United States attorney for this district, or in another manner specified in Rule 4(i)(1)(a). In addition, a copy of the summons and complaint must be sent by registered or certified mail to the Attorney General of the United States. Since proper service has not been made upon the United States, the Court will deny Plaintiff's motion for default judgment as against this Defendant. Furthermore, in accordance with Rule 4(m), the claims against the United States will be dismissed without prejudice unless proper service is obtained, and proof thereof filed with this Court, by April 25, 2000.

**Remaining Motions:** The Parish has filed a motion for summary judgment (Doc. 19) requesting judgment in its favor. Since this Court has no personal jurisdiction over the Parish, it is not necessary to address this motion. In addition, Plaintiff filed a motion to compel (Doc. 10), which includes a list of a number of subpoenas Plaintiff apparently wishes to issue for discovery purposes. Such a motion is not a proper method of performing discovery. Furthermore, until proper service of process has been obtained, no discovery plan may be put into effect. Therefore, this motion will be denied as well.

**Conclusion**

Based on the foregoing, Jefferson Parish will be dismissed from this case. Furthermore, the motion for default judgment will be denied with respect to all Defendants. The other pending motions filed by the Parish and by Plaintiff will be denied. Finally, unless Plaintiff obtains proper service upon Louisiana and the United States, and files proof of that service with this Court by April 25, 2000, the remaining portion of the case will be dismissed without prejudice.

DATED this 4th day of April, 2000.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE


**Attorneys:**

**For Plaintiff**
James R. Orgeron, pro se
c/o 3526 Wyoming NE #207
Albuquerque, New Mexico 87111

**For Defendant Jefferson Parish**
Paul M. Kienzle III
Scott & Kienzle, P.A.
P.O. Box 587
Albuquerque, New Mexico 87103

Thomas P. Anzelmo
Heather Connor
Campbell, McCranie, Sistrunk Anzelmo & Hardy, P.C.
3445 North Causeway Blvd., Suite 800
Metairie, Louisiana 70002